FILED

SEP 29 2011

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOUGLAS PENNOCK,

Defendant.

No. 4:11CR00404HEA

**INDICTMENT**

**COUNT ONE**

The Grand Jury charges that:

At all times relevant:

1. DOUGLAS PENNOCK ("PENNOCK"), the defendant herein, lived in Pittsfield, Illinois.

2. PENNOCK owned, operated, and was affiliated with a number of businesses, including a business known as JDL Longhorn, Inc. ("JDL Longhorn"). JDL Longhorn had its principal offices in Pittsfield, Illinois. The business activities of JDL Longhorn included providing services relating to the construction of animal confinement systems. PENNOCK was the chief executive officer of JDL Longhorn.

3. PENNOCK and JDL Longhorn had banking and lending relationships with Corn Belt Bank and Trust Co. ("Corn Belt Bank"), and First Bank, both of Pittsfield, Illinois, and Peoples Bank and Trust Co. ("Peoples Bank"), of Troy, Missouri, which is in the Eastern District of Missouri. At all times relevant, Corn Belt Bank, First Bank, and Peoples Bank, were federally insured financial institutions.

4. Between approximately 2006 and June 2008, PENNOCK and JDL Longhorn obtained a substantial amount of financing from Corn Belt Bank.

5. In or around May 2008, Corn Belt Bank was no longer able to provide sufficient financial support to PENNOCK and JDL Longhorn. As a result, PENNOCK arranged for financing with Peoples Bank, which was to include a line of credit of approximately $10 million, a substantial percentage of which was to be used to pay off a prior loan from Corn Belt Bank. The purpose of the loan was to finance the operations of JDL Longhorn. Corn Belt Bank purchased a 20 percent participation in the loan. On or about February 13, 2009, Corn Belt Bank was placed in receivership.

6. Accounts receivable are intended to reflect monies actually owed for products or services provided.

7. As early as 2006, PENNOCK knew that he could not characterize business as an account receivable if it was unearned.

8. Beginning no later than in or around May 2008, and continuing until on or about February 25, 2009, the exact dates being unknown to the Grand Jury, in the Eastern District of Missouri and elsewhere,

**DOUGLAS PENNOCK,**

the defendant herein, did knowingly devise and execute a scheme to defraud and to obtain moneys, funds, credits and property by means of materially false and fraudulent pretenses, representations, and promises.

9. In general, the scheme involved PENNOCK providing materially false and fraudulent reports, information, and representations regarding the financial status of JDL

Longhorn, and the status of collateral, so that Peoples Bank would approve and fund a $10 million line of credit.

10. As part of the scheme, PENNOCK negotiated loan number 6138309, with Peoples Bank.

11. As part of the scheme, on or about May 22, 2008, PENNOCK knowingly provided and caused to be provided to Peoples Bank a false and fraudulent report and financial statement that fraudulently inflated JDL Longhorn's accounts receivable. PENNOCK falsely and fraudulently represented to Peoples Bank that JDL Longhorn had approximately $10.5 million in outstanding receivables. PENNOCK knew the report and statement was false because he knew that the report and statement included, among other false representations, speculative and unearned business for which no receivable was due to JDL Longhorn.

12. As part of the scheme, PENNOCK represented to Peoples Bank the existence of substantial accounts receivable for customers who, in fact, were paying suppliers and subcontractors that JDL Longhorn had failed to pay.

13. As part of the scheme, PENNOCK represented to Peoples Bank the existence of substantial accounts receivable for customers who owed substantially less to JDL Longhorn than represented, and in some cases owed nothing to JDL Longhorn.

14. As part of the scheme, on or about May 22, 2008, PENNOCK sent and caused to be sent an email to an officer at Peoples Bank falsely indicating that the accounts receivable for JDL Longhorn did not include unearned and inter-company receivables.

15. As part of the scheme, PENNOCK provided and caused to be provided false information regarding JDL Longhorn's payroll liabilities.

16. As part of the scheme, on or about June 13, 2008, PENNOCK executed a security agreement with Peoples Bank in which he pledged all of JDL Longhorn's accounts as collateral for loan number 6138309. The status of JDL Longhorn's accounts receivable was, therefore, material to Peoples Bank.

17. As part of the scheme, on or about June 13, 2008, PENNOCK executed a promissory note in the amount of $10 million, with a maturity date of December 13, 2008. As part of the loan, PENNOCK and JDL Longhorn were required to provide monthly reports to Peoples Bank, including reports regarding the status of JDL Longhorn's accounts receivable.

18. As part of the scheme, loan number 6138309 closed on June 13, 2008,

19. As part of the scheme, on or about June 17, 2008, the proceeds of loan number 6138309 were disbursed as follows:

A. Approximately $6,581,205 was wire transferred to Corn Belt Bank, in Pittsfield, Illinois, to pay off a prior loan to JDL Longhorn;

B. Approximately $2,737,604 was wire transferred to First Bank in Pittsfield, Illinois, to JDL Longhorn account number xxxxxx1154;

C. Approximately $425,260 was used to pay off a loan to PENNOCK's parents; and

D. Approximately $1,829 was used for closing costs.

20. As part of the scheme, on or about July, 11, 2008, the balance of the loan proceeds, approximately $254,100, were wire transferred to First Bank in Pittsfield, Illinois, and credited to a JDL Longhorn checking account.

21. As part of the scheme, between June 2008 and December 2008, PENNOCK provided and caused to be provided false and fraudulent reports regarding the status of JDL

Longhorn's accounts receivable to Peoples Bank for the purpose of delaying and hindering collection attempts by Peoples Bank. These reports included false accounts receivable aging summaries.

22. As part of the scheme, JDL Longhorn defaulted on loan number 6138309.

23. On or about February 3, 2009, PENNOCK acknowledged that only approximately $100,000 of JDL Longhorn's outstanding accounts receivable was collectable.

24. On or about June 13, 2008, in the Eastern District of Missouri and elsewhere,

**DOUGLAS PENNOCK,**

the defendant herein, did knowingly make a material false statement and report, and willfully overvalue property and security, for the purpose of influencing the action of Peoples Bank and Trust, a federally insured financial institution, in connection with an application for a $10 million line of credit.

In violation of Title 18, United States Code, Sections1014 and 2.

**COUNT TWO**

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 23 of Count One.

2. On or about June 13, 2008, in the Eastern District of Missouri and elsewhere,

**DOUGLAS PENNOCK,**

the defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Peoples Bank and Trust, a federally insured financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control

of Peoples Bank and Trust by means of materially false and fraudulent pretenses, representations, and promises, to wit, by submitting a financial report that falsely and fraudulently overstated the accounts receivable of JDL Longhorn.

In violation of Title 18, United States Code, Sections 1344 and 2.

**COUNT THREE**

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 23 of Count One.

2. On or about June 16, 2008, in the Eastern District of Missouri and elsewhere,

**DOUGLAS PENNOCK,**

the defendant herein, having voluntarily and intentionally devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and in attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by wire certain writings, signs, signals, pictures and sounds, namely a wire transfer of approximately $6.5 million from Peoples Bank in Missouri to Corn Belt Bank in Illinois to pay off a prior operating line of credit.

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FOUR**

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 23 of Count One.

2. On or about November 10, 2008, Peoples Bank and Trust contacted PENNOCK by e-mail to inquire about the status of several large customers PENNOCK had listed as owing money to JDL Longhorn on accounts receivable reports.

3. On or about November 10, 2008, PENNOCK replied by e-mail to Peoples Bank and Trust and provided false information to cover up the fact that his accounts receivable reporting had been false. For example, PENNOCK represented that there was a change in lender for a dairy farm, when in truth and fact, the dairy farm owed nothing to JDL Longhorn.

4. On or about November 10, 2008, in the Eastern District of Missouri and elsewhere,

**DOUGLAS PENNOCK,**

the defendant herein, having voluntarily and intentionally devised a scheme and artifice to defraud Peoples Bank and Trust, a federally insured financial institution, did knowingly execute and attempt to execute that scheme and artifice to defraud, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Peoples Bank and Trust by means of materially false and fraudulent pretenses, representations, and promises, to wit, by submitting a false report that falsely and fraudulently represented that JDL Longhorn had a large contract and account receivable with a dairy farm, when in truth and fact, as the defendant well knew, there was no such contract and account receivable.

In violation of Title 18, United States Code, Sections 1344 and 2.

A TRUE BILL.

______________________________
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

______________________________
JOHN M. BODENHAUSEN, #94806
Assistant United States Attorney